## STATE vs. ALFRED L. SHAFFNER.

*Indictment—Criminal Libel—Malice ; When Implied,—Publication of Libel—Consolidation of Indictments—Sentence of the Court.*

1. In an indictment for criminal libel, malice is the essence of the offense, and is the wrongful doing of an act with the intention to do harm. Where the libel imputes crime, as in the offense of aiding or abetting, or assisting in the commission of the false and fraudulent alteration of election returns, malice is implied, and the mere charge carries with it the element of malice,

2. Where malice is implied, if the jury believe that the defendant wrote and pub_ lished, or published only, the words charged in the indictment, their verdict should be guilty.

3. Publication consists in communicating the defamatory matter to the mind of another, whether it be privately to the party injured alone with intent to provoke him to a breach of the peace, or to others with intent to injure the individual in question, or to perpetrate more extensive mischief.

4. Any such communication thereof within the county, to another, or any others, would be a publication.

5. (Sentence of the Court.)

*(May 19, 1899.)*

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Robert C. White*, Attorney-General, and *Peter L. Cooper, Jr.*, Deputy-Attorney General, for the State.

(The defendant was unrepresented by counsel.)

Court of General Sessions, New Castle County, May Term, 1899.

Two indictments for criminal libel (Nos. 26 and 27) were found against the defendant at this term. By consent, said indictments were consolidated and tried together.

The indictments charged the defendant with uttering and pub-

lishing, or publishing, certain defamatory statements with respect to two citizens of New Castle County, implicating them in the election frauds practiced at the general election of 1896.

LORE, C. J., charging the jury:

Gentlemen of the jury:—Alfred L. Shaffner, the defendant, is charged in this indictment with writing and publishing, or with publishing, a criminal libel, which is very well defined in *3 Greenleaf on Evidence*, to be " malicious defamations, expressed in printing or writing, or by signs or pictures, tending either to blacken the memory of one who is dead, or the reputation of one who is living, and thereby to expose him to public hatred, contempt and ridicule."

Malice is the essence of the offense (*Rice vs. Simmons, 2 Harr., 309*), and is the wrongful doing of an act with the intention to do harm. Where the libel imputes crime as in this indictment, that is, the offense of aiding or abetting or assisting in the commission of the false and fraudulent alteration and changing of election returns, malice is implied, and the mere charge carries with it the element of malice.

If you believe, therefore, that the defendant in this case wrote and published, or published only, the words charged in this indictment it would be libel. Publication consists in communicating the defamatory matter to the mind of another, whether it be privately to the party injured alone with intent to provoke him to a breach of the peace, or to others, with intent to injure the individual in question, or to perpetrate more extensive mischief. Any such communication thereof, within this county to another or any others, would be a publication.

If, therefore, you believe the words contained in a number of counts in the indictment, were written by Shaffner and published by him, or even if some other person wrote them, if you believed he published them, that is, imparted them to others within the

limits of this county, under the law of this State he would be guilty of libel and your verdict should be guilty.

If you are controlled by a reasonable doubt as to his guilt, that doubt should inure to the benefit of the defendant.

The facts are before you. The case is within very narrow limits, and it is for you to decide from the evidence whether the defendant, Alfred L. Shaffner, be guilty or not guilty, either of writing and publishing, or of publishing, in this county the language charged in this indictment.

Verdict guilty.

## SENTENCE OF THE COURT.

LORE, C. J.:—Alfred L. Shaffner, stand up: The offense of which the jury have found you guilty is a very serious one. The libel you uttered was of a political nature, and in the excitement of political times likely to do much harm, as such rumors are then more readily believed. You have involved innocent men in the publication and the transaction, and in that way blackened, so far as the public would believe you, their character. You tried to take away from these people their good names. While the Court feel great sympathy for you because of your youth, and while we know nothing of the circumstances surrounding the case, or how you may have been tempted, yet we feel that crimes of this character ought to be punished. It was a base assault upon the reputations of most reputable men in this county, and deserves severe punishment,whatever may have been your motive.

The sentence of the Court in No. 26 is that you be imprisoned for the term of one year, commencing on this day and ending on the eighteenth day of May, nineteen hundred ; that you pay the costs of the prosecution, and you are committed to the custody of the sheriff until this sentence is carried into effect.

In No. 27, the sentence of the Court is that you be imprisoned for the term of one year commencing on the eighteenth day of May,

nineteen hundred, and ending on the seventeenth day of May, nineteen hundred and one; that you pay the costs of the prosecution in that case, and you are now committed to the custody of the sheriff until this sentence is carried into effect.